**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

VINCENT TRAPENARD,

    Plaintiff,

v.   Case No:   6:22-cv-660-RBD-LHP

NATHAN CLESTER, NPU FLOORING, LLC, CLAUDIA TELLES and NOAH COE,

    Defendants

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** PLAINTIFF'S RENEWED MOTION FOR ALTERNATIVE SERVICE BY ELECTRONIC MAIL AND TWITTER DIRECT MESSAGING AGAINST NATHAN CLESTER (Doc. No. 50)
>
> **FILED:** November 22, 2022
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED IN PART AND DENIED IN PART.**

**I.   BACKGROUND**

On April 4, 2022, Plaintiff instituted this action against Defendants Nathan Clester, Noah Clester, Claudia Telles and NPU Flooring, LLC related to a

nonfungible token purchasing scam, asking for monetary damages and injunctive relief. Doc. No. 1. The operative pleading is Plaintiff's Amended Complaint, filed on August 19, 2022, which asserts claims for Conversion, Unjust Enrichment, Common Law Fraud, Preliminary and Permanent Injunction, Violation of FTC Act 15 U.S.C. § 45(a) and Violation of Section 10b of the Securities Exchange Act of 1934. Doc. No. 27. The Amended Complaint substitutes Defendant Noah Coe in place of Defendant Noah Clester, but is otherwise filed against the same Defendants. *Compare* Doc. No. 1, *with* Doc. No. 27.

Since April of 2022, Plaintiff has endeavored to serve the named Defendants, with varying levels of success. *See, e.g.*, Doc. Nos. 12-16, 18, 19, 22, 23-24, 31, 36-37, 41-44, 46. It appears that Plaintiff has now served all but one Defendant – Nathan Clester ("Clester"). *See* Doc. Nos. 47-49. According to Plaintiff, Clester has taken deliberate steps to evade service, including fleeing the United States, is regularly moving between foreign countries, and his current location is unknown. Doc. No. 50, at 1-3. Thus, by the present motion, Plaintiff seeks to serve Clester by alternative means – namely via direct Twitter messaging and by email. *Id.*, at 9-11.

This is the fourth attempt by Plaintiff to obtain authorization to serve by alternative means – the first two attempts were denied without prejudice for failure to provide a memorandum of law as required by Local Rule 3.01(a). Doc. Nos. 14-15, 16, 18. The third attempt was denied without prejudice for failure to provide

any information concerning Clester's location or last known location, and for failure to identify the precise method of alternative service Plaintiff wished to employ. Doc. Nos. 19, 22.   However, it appears that Plaintiff has finally satisfied the relevant legal standards – at least with respect to service by email and one Twitter account. Accordingly, for the reasons discussed below, the motion (Doc. No. 50) will be **granted in part and denied in part.**

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 4(f) sets forth the procedural requirements for effecting service upon individuals in foreign countries.  In relevant part, the Rule provides as follows:

> (f) **Serving an Individual in a Foreign Country**.   Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served at a place not within any judicial district of the United States:
>
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
> > (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

> > (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
> >
> > (C) unless prohibited by the foreign country's law, by:
> >
> > > (i) delivering a copy of the summons and of the complaint to the individual personally; or
> > >
> > > (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

A plaintiff is not required to attempt service under subsections (1) and (2) before requesting a court order authorizing service under subsection (3). *Taser Int'l, Inc. v. Phazzer Elecs., Inc.*, No. 6:16-cv-366-Orl-40KRS, 2016 WL 7137699, at *2 (M.D. Fla. Nov. 29, 2016). *See also, e.g.*, *Brookshire Bros. Ltd. v. Chiquita Brands Int'l, Inc.*, No. 05-CIV-21962-COOKEBROWN, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) (recognizing that "[t]he invocation of Rule 4(f)(3) . . . is neither a last resort nor extraordinary relief" (citation omitted)).

Courts have broad discretion in allowing service under Rule 4(f)(3). *Taser*, 2016 WL 7137699, at *2. Nonetheless, "alternate methods of service under Rule 4(f)(3) must still fulfill due process requirements." *Seaboard Marine Ltd. v. Magnum Freight Corp.*, No. 17-21815-Civ-Scola, 2017 WL 7796153, at *1 (S.D. Fla. Sept. 21,

2017) (quoting *Chanel, Inc. v. Zhixian*, No. 10-CV-60585, 2010 WL 1740695, at *2 (S.D. Fla. Apr. 29, 2010)).  Due process requires that "the method of service crafted by the district court . . . be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'"  *Taser*, 2016 WL 7137699, at *2 (quoting *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016–17 (9th Cir. 2002)).

## III. ANALYSIS

### A. *Is Service Prohibited by International Agreement?*

The first issue to determine is whether service via email and/or via Twitter direct messaging violates any international agreements.  It appears that the only applicable international agreement is the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163 ("Hague Convention").[1]  The Hague Convention is a multilateral treaty that

---

[1] There is one other international agreement that addresses service in foreign countries – the Inter-American Convention on Letters Rogatory and Additional Protocol ("IACAP").  However, as several courts have held, IACAP only applies in situations where a party seeks to serve letters rogatory, and IACAP does not preclude any other methods of alternative service.  *See, e.g.*, *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 644 (5th Cir. 1994) (concluding that IACAP only governs the delivery of letters rogatory and "does not preempt other methods of service," but reserving on whether other methods of service would be supportable or efficacious under applicable domestic and international law); *Paiz v. Castellanos*, No. 06-22046-CIV, 2006 WL 2578807, at *1 (S.D. Fla. Aug. 28, 2006) ("[T]his Court finds that the Inter-American Convention's provisions regarding service of process are neither mandatory nor exclusive."); *Pizzabiocche v. Vinelli*, 772 F. Supp. 1245, 1249 (M.D. Fla. 1990) (noting that the Inter-American Convention "states

allows service of process of judicial documents from one signatory state to another without the use of consular and diplomatic channels, and it applies to all civil cases where there is an occasion to transmit a judicial document for service abroad. *See, e.g.*, *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988) ("[C]ompliance with the Convention is mandatory in all cases to which it applies."). The United States is a signatory to the Hague Convention, however, given the lack of evidence as to Clester's current whereabouts, it is unknown whether the foreign country he may currently be residing in is also a signatory to the Hague Convention.

This is not fatal to Plaintiff's motion, however, as the Hague Convention does not apply if "the address of the person to be served with the document is not known." Hague Convention, art. 1. *See also Dolphin Cove Inn, Inc. v. Vessel Olymplc Javelin*, No. 3:19-cv-1018-J-34JRK, 2020 WL 4927590, at *2 (M.D. Fla. Aug. 21, 2020) ("The Hague Convention, however, does not apply if 'the address of the person to be served with the document is not known.'" (citing Hague Convention, art. 1)); *Popular Enters., LLC v. Webcom Media Grp., Inc.*, 225 F.R.D. 560, 562 (E.D. Tenn. 2004) ("Since defendant's address is not known, the Hague Convention does

---

that it shall apply to letters rogatory . . . [but it] does not state that letters rogatory are the only means of serving process in the signatory countries"). Accordingly, because Plaintiff is not seeking to serve letters rogatory, the Court does not find that IACAP governs the present motion.

not apply."). "In determining whether a defendant's address is unknown, some courts have looked at whether the plaintiff has 'put forth reasonable diligence in attempting to discover [the] defendant's address.'" *Dolphin Cove Inn, Inc.*, 2020 WL 4927590, at *2 (alteration in original) (quoting *Backjoy Orthotics, LLC v. Forvic Int'l Inc.*, No. 6:14-cv-249-Orl-41TBS, 2016 WL 7664290, at *4 (M.D. Fla. Mar. 7, 2016)). *See also Opella v. Rullan*, No. 10-21134-CIV, 2011 WL 2600707, at *5 (S.D. Fla. June 29, 2011), *report and recommendation adopted*, No. 10-21134-CIV, 2011 WL 13220496 (S.D. Fla. Aug. 9, 2011) (applying reasonable diligence standard to assess whether the Hague Convention applies).

Plaintiff puts forth the following evidence to establish both that Clester's address is unknown and that Plaintiff has exercised "reasonable diligence" in attempting to locate Clester. Plaintiff retained a special process server in November 2021 to locate Clester. Doc. No. 50-1, ¶ 2. The process server made numerous attempts to serve Clester, and exchanged several phone calls with Clester, between December 2021 and January 2022. *Id.*, ¶ 3. On January 31, 2022, the process server received a voicemail from Clester stating that Clester had left the United States and would not make himself available for further attempts at communication. *Id.*, ¶ 6. The process server later determined that Clester obtained a passport in December 2021 and is believed to have left the country shortly thereafter. *Id.*, ¶ 7.

Over the last several months, Plaintiff has been researching and monitoring Clester's profiles across various social media platforms for information as to his whereabouts, attempting to identify a particular country of residence. Doc. No. 50, at 3. These social media postings contain photographs and statements suggesting that Clester, at various points in time between April 2022 and November 2022, was located in Bangkok, Thailand, London, England, and an unknown surfing locale. *Id.*, at 4-8. *See also* Doc. No. 50-2. And both the process server, and Plaintiff's attorney, Mason Cole, have received multiple calls and emails from Clester explaining he is out of the country. Doc. No. 50-1, ¶¶ 5-6. Plaintiff also provides Clester's email address, through which both his counsel and the process server have had communications with Clester in the past year. Doc. No. 50, at 2.

Based on this evidence, Plaintiff represents that "it appears that Clester is regularly moving between countries, perhaps even continents" making it impossible for Plaintiff to determine the address for Clester, although Plaintiff is almost certain that Clester is not within the United States. Doc. No. 50, at 3. The Court finds that this evidence is sufficient to establish that Plaintiff has "put forth reasonable diligence in attempting to discover [Clester's] address." *See Dolphin Cove Inn, Inc.*, 2020 WL 4927590, at *2; *Backjoy*, 2016 WL 7664290, at *4. Accordingly, because Clester's address is unknown, Plaintiff is not required to serve

him pursuant to the Hague Convention. *See Mycoskie, LLC v. 1688Best*, No. 18-CV-60925-KMM, 2018 WL 4775643, at *1 (S.D. Fla. July 2, 2018).

  B. *Does the Proposed Alternative Service Comport with Due Process?*

Having found that the Hague Convention does not apply, the Court next turns to the question of whether service by email and/or by Twitter direct message comports with due process. Due process requires that "the method of service crafted by the district court . . . be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Taser*, 2016 WL 7137699, at *2 (quoting *Rio Props., Inc.*, 284 F.3d at 1016–17).

With respect to service by email, Plaintiff has provided Clester's email address, which Clester used to communicate with the process server and Plaintiff's counsel in 2022. Doc. No. 50, at 2; Doc. No. 50-1, at 6-7. While there does not appear to be any evidence of more recent email communications, there is no evidence that this email address is no longer in service, and Plaintiff has provided evidence that Clester communicates frequently using online methods – including both email and Twitter – and that Clester's Twitter username ("@genesisMfer") is strikingly similar to his email address ("Genesis Mfer <nclester07@gmail.com>"). *Compare* Doc. No. 50-1, at 6-7 *with* Doc. No. 50-2. Moreover, it is clear from the email communications to date that Clester is well aware of the present lawsuit.

This is sufficient to show that service via email will be "reasonably calculated . . . to apprise [Clester] of the pendency of the action and afford [him] an opportunity to present [his] objections." *See Taser*, 2016 WL 7137699, at *2. Moreover, courts have found that service by email satisfies due process requirements. *See Dolphin Cove Inn*, 2020 WL 4927590, at *4; *TracFone Wireless, Inc. v. Bitton*, 278 F.R.D. 687, 692, 693 (S.D. Fla. 2012) (collecting cases); *U.S. Commodity Futures Trading Comm'n v. Aliaga*, 272 F.R.D. 617, 619 (S.D. Fla. 2011) (collecting cases). The Court therefore finds that service via email also satisfies due process. *See Louis Vuitton Malletier v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 20-61122-CIV, 2020 WL 4501765, at *2 (S.D. Fla. June 9, 2020) (finding that service via email was reasonably calculated to give notice to defendant, where plaintiff verified that defendant had a reliable form of electronic contact for communication). *See also Gurung v. Malhotra*, 279 F.R.D. 215, 220 (S.D.N.Y. 2011) ("Where, as here, a plaintiff demonstrates that service via electronic mail is likely to reach the defendant, due process is satisfied.").

The Court also finds that service via Twitter direct message should be permitted, but only as a supplemental means of service, and only as it pertains to the username ("@genesisMfer"). *See Federal Trade Commission v. PCCare247 Inc.*, No. 12 Civ 7189 (PAE), 2013 WL 841037, at *5 (S.D.N.Y. Mar. 7, 2013) (authorizing service via Facebook, but only "to backstop the service upon each defendant at his,

or its, known email address."). Here, Plaintiff has provided sufficient evidence that the Twitter username ("@genesisMfer") is used by Clester. The username is nearly identical to Clester's email address, and the Twitter account contains posts relating to the dispute with Plaintiff that forms the basis of the present lawsuit. Doc. No. 50-2. This is enough to satisfy due process. *See, e.g.*, *St. Francis Assisi v. Kuwait Fin. House*, No. 3:16-cv-3240-LB, 2016 WL 5725002, at *2 (N.D. Cal. Sept. 30, 2016) (authoring service via Twitter where efforts to locate defendant were unsuccessful, defendant had a large following on Twitter, and used Twitter to fundraise).

However, the Court cannot authorize service on the other Twitter username ("@illusiv33") as Plaintiff has provided no evidence tying this Twitter account to Clester, other than a conclusory statement that the account was established the same month that the present lawsuit was filed, and a post on the account with what purports to be a photo of Clester – but Plaintiff has submitted no evidence establishing that Clester himself posted that photo. Doc. No. 50, at 4, Doc. No. 50-2, at 9; Doc. No. 50-3. *See Osio v. Maduro Moros*, No. 1:21-cv-20706-GAYLES, 2021 WL 1564359, at *4 (S.D. Fla. Apr. 21, 2021); *Fortunato v. Chase Bank USA, N.A.*, No. 11 Civ. 6608(JFK), 2012 WL 2086950, at *2 (S.D.N.Y. June 7, 2012).

## IV. CONCLUSION

Accordingly, it is hereby **ORDERED** as follows:

- 11 -

1. Plaintiff's Renewed Motion for Alternative Service (Doc. No. 50) is **GRANTED IN PART AND DENIED IN PART.**

2. No later than **March 21, 2023**, Plaintiff shall effect service of process on Defendant Nathan Clester via email at nclester07@gmail.com, and via Twitter direct messaging at the Twitter username ("@genesisMfer").  By this same deadline, Plaintiff shall file proof of service with the Court.

3. If Nathan Clester fails to respond to the Amended Complaint pursuant to the applicable Federal Rules of Civil Procedure, Plaintiff shall promptly move for the entry of Clerk's default.

4. **Absent a showing of truly exigent circumstances, this deadline will not be extended.  Failure to effectuate service by this deadline will result in a recommendation that the claims against Nathan Clester be dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

**DONE** and **ORDERED** in Orlando, Florida on February 28, 2023.

*[signature]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties