# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

VINCENT TRAPENARD,

        Plaintiff,

v.                                                    Case No:   6:22-cv-660-RBD-LHP

NATHAN CLESTER, NPU
FLOORING, LLC, CLAUDIA TELLES
and NOAH COE,

        Defendants

_____

## ORDER

    This cause came on for consideration without oral argument on the following

motions filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 55(b) (Doc. No. 30)** |
| **FILED:** | **September 2, 2022** |

**THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT AGAINST DEFENDANT** |

> **NOAH COE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 55(b) (Doc. No. 51)**
>
> **FILED:**      **November 30, 2022**
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

> **MOTION:**  **PLAINTIFF'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT AGAINST DEFENDANT NPU FLOORING, LLC PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 55(b) (Doc. No. 52)**
>
> **FILED:**      **December 9, 2022**
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

## I.      BACKGROUND.

On April 4, 2022, Plaintiff instituted this action against Defendants Nathan Clester, Noah Clester, Claudia Telles, and NPU Flooring, LLC related to a nonfungible token purchasing scam, asking for monetary damages and injunctive relief.   Doc. No. 1.   The operative pleading is Plaintiff's amended complaint, filed on August 19, 2022, which asserts claims for conversion, unjust enrichment, common law fraud, preliminary and permanent injunction, violations of FTC Act 15 U.S.C. § 45(a) and violations of Section 10b of the Securities Exchange Act of 1934. Doc. No. 27.   The amended complaint substitutes Defendant Noah Coe in place of

Defendant Noah Clester, but is otherwise filed against the same Defendants. *Compare* Doc. No. 1, *with* Doc. No. 27.

As it relates to Defendants Noah Coe, Claudia Telles, and NPU Flooring, LLC, Plaintiff effected service of process on each of these Defendants, but none have appeared in this matter. Doc. Nos. 13, 31, 37. Plaintiff obtained a Clerk's default against Claudia Telles prior to filing the amended complaint. Doc. No. 24. And after filing the amended complaint, Clerk's defaults were entered against Noah Coe and NPU Flooring. Doc. Nos. 43, 46. However, as it relates to Defendant Nathan Clester, on February 28, 2023, the Court granted in part Plaintiff's motion to permit alternative service. Doc. No. 53. On March 13, 2023, Plaintiff filed proof of service on Nathan Clester. Doc. No. 59. Nathan Clester has not yet appeared in the matter, nor has his time for doing so expired. *See* Fed. R. Civ. P. 12(a).

By the above-styled motions, Plaintiff seeks default judgments against the Defendants subject to Clerk's default—Noah Coe, Claudia Telles, and NPU Flooring, LLC. Doc. Nos. 30, 51–52. The motions (Doc. Nos. 30, 51–52) were referred to the undersigned, and the matters are ripe for review. However, for the reasons set forth herein, the motions will be denied without prejudice.

## II.   ANALYSIS.

In general, a court may enter a default judgment when the factual allegations of the operative complaint, which are assumed to be true, provide a sufficient legal

basis for such entry.   *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").   Therefore, in considering a motion for default judgment, a court must "examine the sufficiency of the allegations in the complaint to determine whether the plaintiff is entitled to" a default judgment. *Fid. & Deposit Co. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

This general rule, however, has exceptions.   "[I]n cases involving more than one defendant, a judgment . . . should not be entered against a defaulting party alleged to be jointly liable, until the matter has been adjudicated with regard to all defendants."   *Nationwide Mut. Fire Ins. Co. v. Creation's Own Corp.*, Case No. 6:11-cv-1054-Orl-28DAB, 2011 WL 6752561, at *5 (M.D. Fla. Nov. 16, 2011) (citing *Frow v. De La Vega*, 82 U.S. 552 (1872)).   The purpose behind this result is the prohibition against logically inconsistent judgments.   *See Frow*, 82 U.S. at 554.   The United States Court of Appeals for the Eleventh Circuit has also extended this prohibition against logically inconsistent judgments to other cases beyond those where liability is deemed to be joint.   In this Circuit, it is "sound policy" that "when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits."   *Gulf Coast Fans v. Midwest Elecs. Imp.*, 740 F.2d 1499, 1512 (11th Cir. 1984) (citation omitted).

The rationale of *Frow* and *Gulf Coast Fans* applies here. In the amended complaint, Plaintiff's allegations center around the conduct of Nathan Clester. Doc. No. 27. The only allegations related to the remaining Defendants—Noah Coe, Claudia Telles, and NPU Flooring, LLC—are that these Defendants allegedly constitute alter-egos of Nathan Clester or shell companies used by Nathan Clester. *See id.* ¶¶ 32–34. Thus, entering default judgments against Noah Coe, Claudia Telles, and NPU Flooring, LLC raises the possibility of inconsistent judgments should Nathan Clester appear in this matter and successfully defend against Plaintiff's claims. Accordingly, the Court finds it appropriate to deny the motions for default judgment without prejudice to renewal after the case is resolved against Nathan Clester.

Notably, even if the Court were to consider the motion for default judgment against Claudia Telles on the merits, Plaintiff obtained Clerk's default against Claudia Telles before filing the amended complaint, which is the operative pleading. *See* Doc. Nos. 24, 27. So, absent a Clerk's default as it relates to the amended complaint, it does not appear that default judgment against Claudia Telles is proper. *See Phoenix Ent. Partners, LLC v. Jellyfish, LLC*, No. 3:17cv929/MCR/GRJ, 2018 WL 10517181, at *1 (N.D. Fla. Apr. 12, 2018) (collecting cases for proposition that "federal district courts have consistently concluded that the filing of an amended complaint moots a previous entry of default and/or motion for default

judgment"); *Prou v. Giarla*, No. 13-24266-CIV, 2014 WL 12621907, at *2 (S.D. Fla. June 25, 2014) (stating that the filing of an amended complaint voids a previously issued Clerk's default).

Finally, the Court notes that a party is not entitled to a default judgment merely because a Clerk's default has been entered.   Instead, the Court must ensure that the well pleaded factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted.   *See Nishimatsu*, 515 F.2d at 1206.   Here, the Court questions whether the allegations of the amended complaint are sufficient to state a claim against the defaulted Defendants, Noah Coe, Claudia Telles, and NPU Flooring, LLC.   *See* Doc. No. 27.   Indeed, as discussed above, the amended complaint alleges only that Noah Coe, Claudia Telles, and NPU Flooring, LLC are the alter-egos or shell companies used by Nathan Clester.   *See id.*   But the amended complaint asserts no claim for alter-ego liability, and each of the causes of action asserted appear to be against Nathan Clester alone. *See id.* at 10–16.   So, upon renewal of the motions for default judgment, Plaintiff must demonstrate how the allegations of the amended complaint are sufficient to support entry of default judgment against these Defendants, which the present motions fail to do.   *See* Doc. Nos. 30, 51–52.

### III. CONCLUSION.

For the reasons stated herein, Plaintiff's motions for default judgment against Noah Coe, Claudia Telles, and NPU Flooring, LLC (Doc. Nos. 30, 51–52) are **DENIED without prejudice** to renewal within **twenty-one (21) days** after the case is resolved against Nathan Clester.   Any renewed motion must be supported by a Clerk's default as to each Defendant against whom Plaintiff seeks default judgment, and must contain a memorandum of legal authority demonstrating how the well pleaded allegations of the amended complaint establish each of the elements of the claims for which Plaintiff seeks default judgment against that particular Defendant. In making this showing, Plaintiff must provide pinpoint citations to the portions of the amended complaint (by paragraph number) that establish each of those elements.

**DONE** and **ORDERED** in Orlando, Florida on March 24, 2023.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties