# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

VINCENT TRAPENARD,

       Plaintiff,

v.                                  Case No:   6:22-cv-660-RBD-LHP

NATHAN CLESTER, NPU
FLOORING, LLC, CLAUDIA TELLES,
and NOAH COE,

       Defendants

_____

## ORDER

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:   PLAINTIFF'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT AGAINST DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 55(b) (Doc. No. 67)**
>
> **FILED:     July 10, 2023**
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

## I.   BACKGROUND.

On April 4, 2022, Plaintiff Vincent Trapenard instituted this action against Defendants Nathan Clester, Noah Clester, Claudia Telles, and NPU Flooring, LLC related to a non-fungible token ("NFT") purchasing scam, asking for monetary damages and injunctive relief.   Doc. No. 1.   The operative pleading is Plaintiff's amended complaint, filed on August 19, 2022.   Doc. No. 27.   The amended complaint substitutes Defendant Noah Coe in place of Defendant Noah Clester, but is otherwise filed against the same Defendants.   *Compare* Doc. No. 1, *with* Doc. No. 27.   In the amended complaint, Plaintiff alleges Nathan Clester (who Plaintiff alternatively refers to as "Scam Artist") defrauded him by deceitfully manipulating Plaintiff into providing about $165,000.00 worth of the cryptocurrency Ethereum as part of a sham group purchase of an NFT.   Doc. No. 27, ¶¶ 1, 17–29.   Plaintiff alleges the purchase was not "made as represented" and filed this suit to obtain the return of his funds.   *Id*. ¶¶ 30, 35–37.   Plaintiff asserts claims for Conversion, Unjust Enrichment, Common Law Fraud, Preliminary and Permanent Injunction, Violation of FTC Act 15 U.S.C. § 45(a) and Violation of Section 10b of the Securities Exchange Act of 1934, however a review of the amended complaint demonstrates that these claims are asserted only against Nathan Clester.   *Id.* ¶¶ 38-79 (referring solely to "Scam Artist" in each claim).

Plaintiff effected service of process against each Defendant, but none have appeared in this matter.   Doc. Nos. 13, 31, 37, 59.   *See also* Doc. No. 53.   Plaintiff thereafter obtained Clerk's defaults against each Defendant.   Docs. No. 24, 43, 46, 66.   Prior to obtaining a Clerk's default against Nathan Clester, however, Plaintiff moved for default judgment against the other three Defendants, which motion the Court denied on March 24, 2023 due to the risk of inconsistent judgments.   Doc. No. 64, at 4-5.   The Court further noted that default judgment against Claudia Telles would not be proper because Plaintiff obtained a Clerk's default against her prior to filing the amended complaint.   *Id.* at 5-6.   And the Court questioned whether the factual allegations of the amended complaint were sufficient to state a claim against Noah Coe, Claudia Telles, and NPU Flooring, LLC given that the amended complaint does not assert a claim for alter ego liability, and that each cause of action asserted appears to only be against Nathan Clester.   *Id.* at 6.   The Court directed that any renewed motion(s) for default judgment must be supported by a Clerk's default as to each Defendant against whom Plaintiff seeks default judgment, and must contain a memorandum of legal authority demonstrating how the allegations of the amended complaint (with pinpoint citations to such allegations) are sufficient to support the entry of default judgment against each Defendant.   *Id.* at 5-7.

On June 13, 2023, Plaintiff obtained a Clerk's default against Nathan Clester, Doc. No. 66, and on July 10, 2023, Plaintiff filed his renewed motion for default judgment, which now seeks default judgment against all four Defendants. Doc. No. 67. The motion, which appears to be in large part a verbatim copy of Plaintiff's previously deficient motions, *compare* Doc. No. 67, *with* Docs. No. 30, 51, 52, includes an Affidavit of Damages from Plaintiff, printouts from what appears to be an unspecified website, an Attorneys' Fees and Costs Affidavit, and copies of attorney billing records and other invoices. Doc. No. 67-1.

The motion has been referred to the undersigned, and it is ripe for review. Upon consideration, however, not only has Plaintiff failed to address any of the issues identified in the Court's March 24, 2023 Order, but the motion itself is woefully deficient on numerous grounds. Accordingly, the motion will be denied without prejudice in its entirety.

## II.    LEGAL STANDARD.

A "defendant's default does not in itself warrant the court in entering a default judgment." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). [1] A court may enter a default judgment only if it has

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

- 4 -

jurisdiction over the claims and parties, and if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for such entry.  *See id*. ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").  Therefore, in considering a motion for default judgment, a court must "examine the sufficiency of plaintiff's allegations to determine whether plaintiff is entitled to" a default judgment.  *Fid. & Deposit Co. of Md. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

The Supreme Court has explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.   A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   This analysis applies equally in the context of motions for default judgment.  *De Lotta v. Dezenzo's Italian Rest., Inc.*, No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806, at *5 (M.D. Fla. Nov. 24, 2009) (citations omitted).

If the plaintiff is entitled to default judgment, then the Court must consider whether the plaintiff is entitled to the relief requested in the motion for default judgment.   If the plaintiff seeks damages, the plaintiff bears the burden of demonstrating entitlement to recover the amount of damages sought in the motion for default judgment.  *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 681 (M.D. Fla.

2008).   Ordinarily, unless a plaintiff's claim against a defaulting defendant is for a liquidated sum or one capable of mathematical calculation, the law requires the district court to hold an evidentiary hearing to fix the amount of damages.   *See Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1543–44 (11th Cir. 1985).   However, no hearing is needed "when the district court already has a wealth of evidence . . . such that any additional evidence would be truly unnecessary to a fully informed determination of damages."   *See S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005).   *See also Wallace*, 247 F.R.D. at 681 ("[A] hearing is not necessary if sufficient evidence is submitted to support the request for damages.").

## III.   ANALYSIS.

### A.   *Defendants Noah Coe, Claudia Telles, and NPU Flooring, LLC*

As the Court explained in detail in its March 24, 2023 Order, in order to obtain a default judgment against Claudia Telles, Plaintiff must first obtain a Clerk's default *with respect to the amended complaint*.   Doc. No. 64, at 5-6, 7.   Plaintiff has completely ignored this directive, and has not provided any legal authority suggesting that a Clerk's default as to the amended complaint is not required.   Doc. No. 67.   Accordingly, default judgment against Claudia Telles is not warranted at

this time.   *See also Estate of Faull by Jacobus v. McAfee*, 727 F. App'x 548, 552 (11th Cir. 2018).[2]

As the Court also explained in the March 24, 2023 Order, the amended complaint merely alleges that Noah Coe, Claudia Telles, and NPU Flooring, LLC are the alter-egos of Nathan Clester.   Doc. No. 64, at 6; *see also* Doc. No. 27, ¶¶ 8-10, 32-34.   Other than these barebones allegations, Plaintiff does not otherwise refer to these three Defendants, does not assert a separate claim for alter-ego liability under any jurisdictional law, and the claims that Plaintiff does assert do not reference these three Defendants beyond merely reincorporating and realleging the prior factual paragraphs.   Doc. No. 27.   In other words, as the Court previously explained, there do not appear to be any claims asserted against Noah Coe, Claudia Telles, and/or NPU Flooring, LLC in the amended complaint.   In the March 24, 2023 Order, the Court explicitly directed Plaintiff to address this issue and to explain how each element of each claim has been properly asserted against each Defendant in the amended complaint.   Doc. No. 64, at 7.   However, Plaintiff has again wholly failed to comply with the Court's directives.   Doc. No. 67.   Simply put, Plaintiff does not address the merits of any of the claims he asserts against any of the

---

[2] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority. *See* 11th Cir. R. 36–2.

Defendants.   *Id.* [3]   As such, Plaintiff's request for default judgment against Defendants Noah Coe, Claudia Telles, and NPU Flooring, LLC is denied without prejudice in its entirety.   *See Nishimatsu*, 515 F.2d at 1206 ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").

   B.   *Defendant Nathan Clester*

Because the Court has denied without prejudice default judgment against Defendants Noah Cloe, Claudia Telles, and NPU Flooring, LLC, the rule against inconsistent judgments remains at issue, therefore default judgment against Nathan Clester is premature and inappropriate.   *See* Doc. No. 64, at 4-5.   Moreover, the motion for default judgment as it pertains to Nathan Clester is also deficient on its merits for a multitude of reasons.

First, as with the other Defendants, Plaintiff's motion wholly fails to explain how the allegations of the amended complaint establish any of the elements of any of the asserted claims for relief against Nathan Clester.   Doc. No. 67.   Rather, it

---

   [3] To the extent that Plaintiff is arguing that default judgment is appropriately entered by the Clerk of Court under Federal Rule of Civil Procedure 55(b)(1), Doc. No. 67, "[a]lthough Rule 55(b)(1) provides for entry of default judgment by the clerk, courts in this District have nonetheless found it proper to review such motions and then, only if appropriate, direct the entry of judgment."   *Estes Express Lines v. Coverlex, Inc.*, No. 8:19-cv-467-T-36AEP, 2019 WL 13183880, at *1 (M.D. Fla. Apr. 19, 2019) (citing *Color Events, BV v. Multi Talent Agency, Inc.*, No. 6:18-cv-648-Orl-37DCI, 2018 WL 4762973, at *1 (M.D. Fla. Sept. 17, 2018)).

seems that Plaintiff is of the belief that because Defendants have not answered the amended complaint, Plaintiff is automatically entitled to any and all relief requested, whether legally authorized or not.   Plaintiff provides no legal authority to support such a bald contention.   *See Liquid Legacy Bottlers & Distributors, Ltd. v. Barkley*, No. 6:20-cv-1175-PGB-DCI, 2021 WL 2905486, at *2 (M.D. Fla. June 30, 2021) ("It is Plaintiffs' burden to address the elements of the causes of action and the specific, well-pled facts in the operative complaint that satisfy each of those elements . . . .   It is not the Court's role to attempt to determine which of the allegations in the Amended Complaint satisfy the elements of each claim." (citations omitted)).   *See also United States ex. rel. Phoenix Metals Co. v. Worthfab, LLC*, No. 2:20-cv-148-FtM-38NPM, 2020 U.S. Dist. LEXIS 118796, at *2 (M.D. Fla. July 7, 2020) (denying without prejudice a motion for default judgment because the plaintiff did not discuss the elements for each claim, provide citations to authority as to these elements, and support each element by pinpoint citation to the factual allegations in the complaint.).

Second, even if the Court were inclined to do Plaintiff's job for him, with respect to the state-law claims for conversion, unjust enrichment, and common law fraud (Counts I-III), the Court could not because Plaintiff fails to identify which jurisdiction's law governs, such that the Court cannot ascertain the necessary elements for each claim.   "A federal district court exercising supplemental

jurisdiction over state-law claims applies the choice-of-law rules of the state in which it sits, in this case Florida." *Bowen v. Li*, No. 23-cv-20399, 2023 WL 4623594, at *5 (S.D. Fla. July 18, 2023) (citing *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1260 (11th Cir. 2015)).[4]   Florida courts apply the "most significant relationship" test from the Restatement (Second) of Conflict of Laws § 145 to choice-of-law questions involving tort claims. *Trumpet Vine Invs., N.V. v. Union Cap. Partners I, Inc.*, 92 F.3d 1110, 1115-16 (11th Cir. 1996).   Under the "most significant relationship" test, "[t]he rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6." *Id.* at 1116 (quoting Restatement (Second) of Conflict of Laws § 145 (1971)).   *See also Bishop v. Fla. Specialty Paint Co.*, 389 So. 2d 999, 1001 (Fla. 1980).

In this context, the jurisdiction with the most significant relationship to the occurrence and the parties is the jurisdiction where Plaintiff's alleged injury (his transfer of funds to Nathan Clester as part of the NFT purchasing scam) occurred. *See Bowen*, 2023 WL 4623594, at *5 ("Plaintiff was a citizen of California, where he

---

[4] Although Plaintiff does not allege a basis for the Court's jurisdiction over these claims, the Court finds that supplemental jurisdiction exists given that Plaintiff has alleged two claims under federal law.   Doc. No. 27, ¶¶ 66-79.   *See* 28 U.S.C. §§ 1331, 1367.

was located when Defendant converted his cryptocurrency.   Therefore, because the injury occurred in California, California law applies to Plaintiff's conversion claim." (record citation omitted)).   But beyond stating Plaintiff is a "French national," Plaintiff's amended complaint provides no information on Plaintiff's residence or where he was located when the transfers took place.   Doc. No. 27, ¶ 6.   The Court therefore cannot determine whether French law, Florida law, or some other jurisdiction's law applies to Plaintiff's claims of conversion, unjust enrichment, and common law fraud.   *Cf. Gurit Balsaflex Cia. LTDA v. Cerix Corp.*, No. 6:21-cv-246-WWB-LHP, 2022 WL 3646102, at \*4 (M.D. Fla. June 21, 2022) (denying motion for default judgment where plaintiff did not establish which forum's law should apply to the claims at issue).

Third, in Count IV of his amended complaint, Plaintiff requests a preliminary and permanent injunction against Nathan Clester compelling the return of his funds.   Doc. No. 27, ¶¶ 56–65.[5]   But Plaintiff has not established that he meets

---

[5] Plaintiff attempts to expand the scope of Court IV in his motion for default judgment, in which he also now requests "[e]ntry of a permanent injunction barring Defendants from the international use of cryptocurrency in trading and promoting the objectives of FinCEN (a division of the U.S. Department of Treasury)."   Doc. No. 67, at 5. But Plaintiff cannot amend his complaint to add additional relief and/or allegations via a default judgment motion, and has provided no law suggesting the contrary.   *See CHCC Co. LLC v. Pilgrim Pipeline Holdings, LLC*, No. 6:16-cv-1954-Orl-22DCI, 2017 WL 4216464, at \*5 (M.D. Fla. Sept. 22, 2017) ("Plaintiff cannot cure a deficiency in its Complaint through its Motion for Default Judgment.").

any of the elements for either a preliminary or permanent injunction in this case. *See Zekas v. Rausch*, No. 3:22-cv-590-BJD-PDB, 2023 WL 4350417, at *1 (M.D. Fla. June 15, 2023) (citing *Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*, 299 F.3d 1242, 1246-47 (11th Cir. 2002) (listing elements of proof for a preliminary injunction); *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) (listing elements of proof for a permanent injunction). Plaintiff also does not identify in his amended complaint the legal basis for his requested injunctive relief, and his default judgment motion wholly fails to provide any legal analysis for such relief. Doc. Nos. 27, 67.

Fourth, Plaintiff alleges a claim for violations of the FTC Act, 15 U.S.C. § 45(a) (Count V). Doc. No. 27, ¶¶ 66-73. However, "[t]here is no private cause of action implied under the Federal Trade Commission Act." *Lingo v. City of Albany Dep't of Cmty. & Econ. Dev.*, 195 F. App'x 891, 894 (11th Cir. 2006). "Only the Federal Trade Commission can bring a civil action under 15 U.S.C. § 45(a), which is part of the Federal Trade Commission Act." *Truthinadvertisingenforcers.com v. My Pillow, Inc.*, No. 8:17-cv-169-T-33AAS, 2017 WL 382725, at *2 (M.D. Fla. Jan. 27, 2017); *see also Rosenberg v. Blue Cross & Blue Shield of Fla., Inc.*, No. 8:18-cv-2648-T-33SPF, 2019 WL 399571, at *4 (M.D. Fla. Jan. 31, 2019) (dismissing with prejudice claim brought under 15 U.S.C. § 45 because there is no private right of action under the statute); *Gomez v. Bank of Am. Corp.*, No. 8:15–cv–324–T–33EAJ, 2015 WL 667664, at *1 (M.D.

Fla. Feb. 17, 2015) (dismissing 15 U.S.C. § 45(a) claim because "[t]he Federal Trade Commission Act does not create a private right of action" (citing *Fulton v. Hecht*, 580 F.2d 1243, 1248 n.2 (5th Cir. 1978))).   And again, Plaintiff provides no argument or legal authority suggesting that he can pursue such a claim in this case, even in the default judgment context.   Nor does he even identify any requested relief in Count V.   Doc. No. 27, ¶¶ 66-73.

Fifth, Plaintiff alleges a claim for violations of Section 10b of the Securities Exchange Act of 1934, specifically Rule 10b-5 (Count VI).   Doc. No. 27, ¶¶ 74-79. To state a claim for relief under that Rule, a plaintiff must sufficiently allege "(1) a material misrepresentation or omission; (2) made with scienter; (3) a connection with the purchase or sale of a security; (4) reliance on the misstatement or omission; (5) economic loss; and (6) a causal connection between the material misrepresentation or omission and the loss, commonly called 'loss causation.'" *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1236–37 (11th Cir. 2008) (citing *Dura Pharms. Inc. v. Broudo*, 544 U.S. 336, 341-42 (2005)).   Not only does Plaintiff again fail to explain how his amended complaint sufficiently establishes each of these elements, but Plaintiff also fails to specify (in both the amended complaint and in his motion) what "security" was purchased or sold substantiating Plaintiff's claim of a Section 10b violation.   *See Friel v. Dapper Labs, Inc.*, Case No. 21 Civ. 5837 (VM), 2023 WL 2162747, at *22 (S.D.N.Y. Feb. 22, 2023) ("Not all NFTs offered or sold by

any company will constitute a security, and each scheme must be assessed on a case-by-case basis.").

In addition to these deficiencies, Plaintiff has not sufficiently established his entitlement to his requested damages.  *See Transp. All. Bank Inc. v. Trax Air, LLC*, No. 6:16-cv-1773-Orl-40DCI, 2017 WL 7355309, at *2 (M.D. Fla. Nov. 20, 2017) ("[E]ven in the default judgment context, '[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters[.]'" (quoting *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003))).   Plaintiff requests in his motion $175,403.21 in compensatory damages, which according to his Affidavit of Damages, is based on a transfer of Ethereum tokens to Nathan Clester.   Doc. No. 67, at 5; Doc. No. 67-1, at 1-2.   However, the amended complaint only references a $165,000.00 transfer of Ethereum tokens to Nathan Clester.   Doc. No. 27, ¶ 29. Plaintiff nowhere explains this discrepancy.

Plaintiff also requests $40,409.07 in attorneys' fees and costs, which includes in the submitted billing records line items for $21,907.49 in fees for Florida co-counsel Kershner Sledziewski Law, Doc. No. 67-1, at 16, 19, 21, but Plaintiff provides no evidence or explanation to support these fees, such as evidence of billing records and/or hourly rates charged.   Indeed, Plaintiff does not provide any evidence establishing the reasonableness of any of the hourly rates for any of his attorneys who have provided legal services in this case.  *See Norman v. Housing*

*Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).   Last, Plaintiff

seeks $37,600.00 in private investigator fees and costs.   Doc. No. 67, at 4; Doc. No.

67-1, at 3.   But Plaintiff provides no legal authority to support this request, and

"[t]his Court and others have held that such fees are not taxable as costs under §

1920."   *North v. Mayo Grp. Dev., L.L.C.*, No. 3:11-cv-444-J-32JBT, 2013 WL 3461932,

at *3 (M.D. Fla. July 9, 2013); *see also Diamond Heads, LLC v. Everingham*, 8:07-cv-462-

T-33TBM, 2011 WL 3269685 (M.D. Fla. July 29, 2011); *United States v. Adkinson*, 256

F. Supp. 2d 1297, 1323 (N.D. Fla. 2003) (citing *Tinch v. City of Dayton*, 199 F. Supp.

2d 758, 759 (S.D. Ohio 2002) ("[P]rivate investigation services are not taxable as

costs[.]")).

## IV.   CONCLUSION

For the reasons stated herein, Plaintiff's motion for default judgment (Doc.

No. 67) is **DENIED without prejudice**.   Plaintiff – who at all times has been

represented by counsel – has now filed four (4) motions for default judgment, none

of which have been successful.   Doc. Nos. 30, 51-52, 67.   And Plaintiff's latest

motion (Doc. No. 67) completely ignores the Court's March 24, 2023 Order.   Doc.

No. 64.   This is not the first time that Plaintiff's counsel has submitted filings that

do not comply with the applicable Federal Rules of Civil Procedure, the Local Rules

of this Court, and/or ignore applicable legal precedent.   *See, e.g.*, Doc. Nos. 9, 15,

18, 22, 23, 35, 47, 61, 64.

However, given that this is the first time that the Court has addressed the substantive deficiencies with respect to Nathan Clester, the Court will afford Plaintiff *one final opportunity* to seek default judgment in this case.   Accordingly, within **twenty-one (21) days** from the date of this Order, Plaintiff shall file a renewed motion for default judgment that addresses – with citation to applicable legal precedent – each of the deficiencies set forth in this and the Court's March 24, 2023 Order.   Doc. No. 64.   In particular, Plaintiff must address the issues concerning Claudia Telles' Clerk's default prior to the filing of the amended complaint; must explain – with both citation to legal authority and pinpoint citations to the amended complaint – how Plaintiff has established any claims for relief against any of the Defendants, including the specific jurisdiction's law that applies to each claim; and must clarify and correct the issues concerning Plaintiff's damages requests.   If Plaintiff cannot successfully accomplish these tasks with respect to one or more of the Defendants, Plaintiff may file a notice of voluntary dismissal as to those Defendants.   Alternatively, within **twenty-one (21) days** from the date of this Order, Plaintiff may file a second amended complaint which asserts viable claims for relief, and complies with the dictates of Federal Rules of Civil Procedure 8 and 10, as well as addresses the issues set forth in this Order.   If Plaintiff chooses to file an amended complaint, it must then be served as required

by either Federal Rules of Civil Procedure 4 or 5, and new Clerk's defaults must be obtained (if appropriate).

Given the procedural posture of this case and the numerous failed attempts by Plaintiff to date, these deadlines will not be extended absent a showing of exigent circumstances. **Failure to comply with this Order by the deadlines provided will result in a recommendation to the Court that default judgment be denied and the case be dismissed without prejudice in its entirety for failure to prosecute.**

**DONE** and **ORDERED** in Orlando, Florida on September 22, 2023.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties